# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

|  |  |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID MCCAULEY and JON SAPP,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:10-CV-00008-RWS |

## ORDER

This case is before the Court for consideration of Plaintiff's Motion for Summary Judgment [18].  Subsequent to Plaintiff filing its Motion for Summary Judgment, Defendant Jon Sapp filed a Suggestion of Bankruptcy [20] on the record which subjects the claims against Defendant Sapp to an automatic stay under the Bankruptcy Code.  Defendant McCauley has filed no response to the Motion for Summary Judgment, and thus, as to him, the Motion is unopposed.  After reviewing the record, the Court enters the following Order.

## I. Factual Background[1]

Plaintiff is a bank registered under the laws of the Federal Republic of Germany that maintains a place of business in New York. On November 30, 2005, Defendants David McCauley ("McCauley") and Jon Sapp ("Sapp") executed a Promissory Note to Brooke Credit Corporation (now known as Aleritas Capital Corporation) ("BCC") in the amount of $125,000 based upon a loan to Defendants by BCC. On April 28, 2006, Defendants obtained an additional loan in the amount of $176,241.87 and executed a Promissory Note to BBC in that amount.

On July 31, 2007, Defendants executed a Promissory Note to BBC to refinance the original loans in the amount of $239,107.29. BCC assigned the loan to Brooke Credit Financing, LLC ("BCF"), and BCF pledged the loan to its lenders as security.

BCF's senior secured creditors are Plaintiff and Autobahn Funding Co., LLC ("Autobahn"). By written agreement, Autobahn appointed Plaintiff as its agent, authorizing Plaintiff to enforce its rights under the loan in Plaintiff's name.

---

[1] The Factual Background is taken from Plaintiff's Statement of Undisputed Material Facts which are deemed admitted in light of Defendant's failure to file a response thereto.

2

BCF defaulted on its obligations to Plaintiff.  On October 30, 2008, Plaintiff, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement (the "Surrender of Collateral").  Pursuant to the Surrender of Collateral, Plaintiff has full ownership of the Loan.

On October 31, 2008, Plaintiff and BCF entered into an Omnibus Assignment (the "Omnibus Assignment"), whereby BCC further confirmed that Plaintiff has full ownership of BCF's rights as BCC's assignee under the Loan.  Under ¶ 13 of the Loan, non-payment is an event of default.  The Defendants defaulted under the Loan by failing to make payments when due.

Plaintiff demanded payment from the Defendants for the outstanding balance, but the Defendants failed and refused to pay the same.  Pursuant to ¶ 1 of the Loan, in addition to the principal balance, Plaintiff is also entitled to interest that begins at 11.75% and varies each time the New York Prime rate, as published in *The Wall Street Journal*, changes, plus three and one-half percent (3.50%), with such rate effective the business banking day following the publication of such rate in *The Wall Street Journal*.

Plaintiff fully performed all of its obligations under the Loan.  As a result of Defendants' default under the Loan, Plaintiff suffered damages in the amount

3

of $229,664.16, plus $28,549.22 in interest. Pursuant to ¶ 16 of the Loan, Plaintiff is also entitled to attorneys' fees and costs.

On February 1, 2010, Plaintiff brought the present action for breach of contract against the Defendants. The case is presently before the Court for consideration of Plaintiff's Motion for Summary Judgment against Defendant McCauley.

## II.  Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes

such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson,

5

477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

The Loan contains a choice of law provision which mandates that the Loan be governed by the laws of the State of Kansas. In Kansas, a claim for breach of contract requires the following elements: (1) execution and existence of the contract; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; (4) the Defendant's breach; and (5) damages. Commercial Credit Corp. v. Harris, 510 P. 2d 1322, 1325 (Kan. 1973); City of Andover v. Southwestern Bell Tel., L.P., 153 P.3d 561, 565 (Kan. Ct. App. 2007) (citing PIK Civ.3d 124-01-A). All the elements of Plaintiff's breach of contract claims have been met under Kansas law.

First, under Kansas law, the Loan exists and was executed, and Defendants do not dispute the same. See Affidavit of Cecil Smart, ¶¶ 7-14; Note, attached to the Complaint, Exhibit 1; Agreement for Advancement of Loan, attached to the Complaint as Exhibit 1; Surrender of Collateral, attached

6

to the Complaint as Exhibit 2; Omnibus Assignment, attached to the Complaint as Exhibit 3; McCauley's Answer; Sapp's Answer.

Second, the Defendants were loaned $239,107.29 to refinance an existing debt under the Loan and agreed to make payments under the Loan. See Affidavit of Cecil Smart, ¶ 8; Note, attached to the Complaint as Exhibit 1; Agreement for Advancement of Loan, attached to the Complaint as Exhibit 1. Because the Defendants entered into the Loan and were provided with the funds in accordance with the Loan, sufficient consideration to support the Loan existed. See Affidavit of Cecil Smith, ¶¶ 7-14; Note, attached to the Complaint as Exhibit 1; Agreement for Advancement of Loan, attached to the Complaint as Exhibit 1; Surrender of Collateral, attached to the Complaint as Exhibit 2; Omnibus Assignment, attached to the Complaint as Exhibit 3. Furthermore, Defendants do not dispute that sufficient consideration to support the Loan existed. See McCauley's Answer; Sapp's Answer.

Third, Plaintiff performed in compliance with the Loan, and Defendants do not dispute the same. See Affidavit of Cecil Smart, ¶ 19; McCauley's Answer; Sapp's Answer. Fourth, Defendants breached the Loan by failing and refusing to make payments to Plaintiff pursuant to the terms of the Loan, and Defendants do not dispute the same. See Affidavit of Cecil Smart, ¶¶ 15-17;

7

McCauley's Answer; Sapp's Answer.  Finally, Plaintiff was damaged as a result of Defendants' breach of the Loan in the amount of $229,664.16, plus interest in the amount of $28,549.22 (calculated using the 365 actual method with the interest rate beginning at 11.750% and then adjusted each time the New York Prime rate as published in *The Wall Street Journal*, changes, plus 3.50%), plus attorneys' fees and costs in the amount of $6,750.66, for a total amount of $264,964.04, and Defendants do not dispute the same.  See Affidavit of Cecil Smart ¶¶ 18 and 20-21; Affidavit of Alex Darcy in Support of Attorneys' Fees and Costs; Affidavit of Michael Welch in Support of Attorneys' Fees and Costs; McCauley's Answer; Sapp's Answer.

No defenses, affirmative or otherwise, are raised by the Defendants.  The Defendants' claims that they were defrauded by Brooke Agency, LLC and BCC and their officers, directors, employees/representatives, and any other agents working at their behest, is irrelevant as to whether DZ Bank, as assignee, can enforce the paper.  See McCauley's Answer; Sapp's Answer, Affidavit of Cecil Smart, ¶¶ 9-14; Surrender of Collateral, attached to the Complaint as Exhibit 2; Omnibus Assignment, attached to the Complaint as Exhibit 3.  The Defendants only assert a general denial of liability because the Defendants claim without any supporting facts, that they do not owe the alleged debt.  See McCauley's

Answer; Sapp's Answer. However, as discussed *supra*, the Defendants are in default for failing to make payments to Plaintiff when due. See Affidavit of Cecil Smith, ¶¶ 15-17. Accordingly, Plaintiff is entitled to summary judgment.

### III. Conclusion

Based on the foregoing, Plaintiff's Motion for Summary Judgment [18] is hereby **GRANTED** as to Defendant McCauley. Judgment shall be entered in favor of Plaintiff against Defendant McCauley in the amount of $229,664.16, plus interest in the amount of $28,549.22, plus attorneys' fees and costs in the amount of $7,975.66, for a total judgment in the amount of $266,189.04.

**SO ORDERED**, this   5th   day of October, 2010.

_____
**RICHARD W. STORY**
United States District Judge